In the Matter of JAMES J. BRITT, an Attorney, Respondent.

First Department, December 8, 1933.

*Timothy Newell Pfeiffer* of counsel [*John B. Clancy* with him on the brief; *Einar Chrystie*, attorney], for the petitioner.

*Lind, Shlivek, Marks & Brin*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York in March, 1909, at a term of the Appellate Division of the Supreme Court, Third Department.

By the petition herein he is charged with professional misconduct in that he converted to his own use money of his clients.

The respondent answered, and the matter was referred. The petitioner now moves, upon the report of the referee finding respondent guilty, that said report be confirmed and that this court take such action as may be just and proper.

The facts, as found by the learned referee, are not substantially disputed and are as follows: The respondent, in July, 1931, was retained by Abraham Wilson, Frederick Thompson, George Lapolla, Nathan Selkirk and Frank McLaughlin, who had been employed as apprentices in the composing room of the New York *World*, to collect damages for alleged breaches of contracts entered into between them and the Press Publishing Company. The respondent negotiated a settlement in the sum of $400, and on November 17, 1931, was given a check for that amount in return for releases executed by the complainants. The respondent cashed the check and paid to Selkirk and McLaughlin, who were present, $60 each, retaining $20 as his fee in each case. He made no payment to Wilson, Lapolla and Thompson until March, 1932, and after he had been notified that a complaint had been made against him to the committee on grievances of the petitioner.

In an attempt to explain the delay in making such payments,

the respondent testified that in November, 1931, and for some time prior thereto he had been acting as attorney for the C. & R. Holding Company and made his office with them at 110 West Fortieth Street, Manhattan; that on cashing the check received in settlement of the aforesaid claims, the respondent handed to a Miss Lancos, employed in the office of the C. & R. Holding Company, the money to which Wilson, Lapolla and Thompson were entitled, with instructions to give it to them if they came in while the respondent was out on a case. The respondent testified that upon his return he found the C. & R. Holding Company had been dispossessed and moved their office, and the money not having been called for, he received it back from Miss Lancos and thereafter held it for the claimants, whom he claims to have notified by mail that they could have it at such time as they could make arrangements to meet the respondent.

This respondent apparently did delay in the payment of these small sums from November to March. In answer to requests for payment, the respondent made appointments to pay over the money and then failed to keep them. The respondent also made contradictory and obviously inconsistent and in some respects untruthful statements before the grievance committee. The referee, however, has found that these statements of the respondent were due to illness brought on by his service in the World war. If this is the fact, the respondent should not be punished.

As a basis for such illness and irresponsibility, it is found that the respondent, in 1918, enlisted as a private in the tank corps. He saw active service in France, was wounded in actual combat and gassed. He testified that he had never applied for or received compensation or a pension from the government. No charge of professional misconduct has heretofore been preferred against him. The learned referee reports that he is entitled to unstinted praise for his record in the World war.

Upon this record it is clear that the respondent converted the moneys of his clients from November, 1931, to March, 1932, and until the matter had been brought to the attention of the committee on grievances of the petitioner.

The more serious side of the case, namely, the inconsistent and obviously untruthful statements made by the respondent before the grievance committee, has been explained by the finding of the referee as to the illness of the respondent.

For the failure, as herein set forth, to pay over moneys due to his clients, the respondent should receive the censure of this court.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent censured.